

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2006

# Fredericks v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1242

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Fredericks v. Williamson" (2006). *2006 Decisions.* Paper 848.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/848

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HPS-71                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1242
_____

JULIUS N. FREDERICKS,
                            Appellant
vs.

TROY WILLIAMSON
_____

On Appeal From the United States District Court
For the Middle District Pennsylvania
(M.D. PA. Civ. No. 05-cv-01836)
District Judge: Honorable Edwin M. Kosik
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 2, 2006
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

(Filed:   June 22, 2006)

_____

OPINION
_____

PER CURIAM.

        Julius N. Fredericks, a federal inmate incarcerated at USP Allenwood in

Pennsylvania, appeals pro se from an order of the United States District Court for the

Middle District of Pennsylvania dismissing without prejudice his habeas petition filed

pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.  In 2002, Fredericks pled guilty to

drug charges in the United States District Court for the Eastern District of Virginia.  He

was sentenced on February 23, 2003, to 250 months of imprisonment. The Fourth Circuit Court of Appeals dismissed his untimely appeal in 2003. In 2004, the District Court for the Eastern District of Virginia dismissed as time-barred Fredericks's motion to vacate pursuant to 28 U.S.C. § 2255, filed in May 2004. The Fourth Circuit Court of Appeals denied a certificate of appealability.

On September 12, 2005, Fredericks filed this § 2241 petition in the Middle District of Pennsylvania, asserting that his sentence is contrary to the sentencing guidelines, and contending that § 2255 was an inadequate or ineffective means of contesting his conviction and sentence because the courts in the Fourth Circuit have applied § 2255 in a manner that precludes any consideration of his claim of illegal detention. Specifically, he claimed that the Virginia district court erred in dismissing the initial § 2255 motion as untimely because the court used the wrong date to start the limitations clock running and because the court did not consider equitable tolling. Thus, according to Fredericks, he should be permitted to pursue habeas relief through § 2241 because § 2255 is inadequate and ineffective to attack his conviction and sentence.

The District Court summarily dismissed the § 2241 petition without prejudice, ruling that § 2255 could not be considered ineffective or inadequate to test the legality of Fredericks's sentence. Concluding that the petition could be considered only as a second or successive§ 2255 motion to vacate the sentence, the District Court determined that it lacked jurisdiction to consider the motion because it was not the sentencing court and explained that Fredericks had to obtain leave from the Fourth Circuit

2

Court of Appeals to file a second or successive § 2255 motion in the appropriate court. Fredericks timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For essentially the same reasons set forth by the District Court in its Order entered December 13, 2005, we will summarily affirm.

As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Such is not the case here. Fredericks makes no allegation, nor could he, that he is actually innocent of the crime for which he was convicted. He

3

only asserts that he should have received a lesser sentence. The exception identified in In re Dorsainvil is simply inapplicable, and Fredericks may not seek relief under § 2241. Fredericks's only recourse is to seek permission from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion in the sentencing court in the Eastern District of Virginia.

Because the § 2241 petition was properly dismissed and no substantial question is presented by this appeal, the Appellee's motion for summary affirmance is granted and the District Court's judgment will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.

_____